IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GEORGE H. BISHOP, et al., )<br>)<br>        Plaintiffs, )<br>)<br>v. )<br>)<br>INTERNAL REVENUE SERVICE, et al., )<br>)<br>        Defendant. ) | Civil No. 1:06-cv-01593-GK |

MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS

This Court should dismiss plaintiffs' complaint for lack of personal jurisdiction under Fed.R.Civ.P. 12(b)(2), improper venue under Fed.R.Civ.P. 12(b)(3), insufficiency of service of process under Fed.R.Civ.P. 12(b)(5), and failure to state a claim upon which relief can be granted under Fed.R.Civ.P 12(b)(6). The plaintiffs have failed to properly serve the United States under Rule 4(i), and thus have failed to perfect service of process. Because the United States has not been properly served, this Court also lacks personal jurisdiction over the defendants. Finally, the plaintiffs have failed to state any claim whatsoever in the complaint, and thus has failed to state a claim upon which relief can be granted.

    1.    <u>The United States is the proper defendant and should be substituted as the defendant in this action</u>

The complaint names as defendants in this action the Internal Revenue Service

(IRS) and two individual IRS agents. The only proper defendant, however, is the United States. The United States should be substituted as the defendant in this action. See Blackmar v. Guerre, 342 U.S. 512, 514 (1952); see also, Freck v. IRS, 37 F.3d 986, 988 n.1 (3d Cir. 1994). The individually named defendants in this action, moreover, acting in their official capacity, cannot be sued. Butz v. Economou, 438 U.S. 478, 507 (1978); Baddour, Inc. v. United States, 802 F.2d 801 (5th Cir. 1986); Bothke v. Fluor Eng'rs & Constructors, Inc., 834 F.2d 804 (9th Cir. 1987).

  2. <u>The United States has not been properly served in accordance with Rule 4 of the Federal Rules of Civil Procedure, and, therefore, this Court lacks personal jurisdiction over the defendant</u>.

The plaintiffs have failed to effect service of the complaint on the United States in accordance with the Rule 4 of the Federal Rules of Civil Procedure. Rule 4(i) sets forth the requirements of service of process upon the United states and its agencies and officers. The rule prescribes that service upon the United States shall be effected by delivering a copy of the summons and complaint to the United States Attorney by hand delivery or by registered or certified mail, <u>and</u> to the Attorney General of the United States by registered or certified mail. Fed. R. Civ. P 4(i)(1). Rule 4(i)(2) provides that service upon agencies and officers is effected by serving the United States in the manner prescribed by Rule 4(i)(1) <u>and</u> by also sending a copy of the summons and complaint by registered or certified mail to the agency and officers. Here, plaintiffs have failed to serve the IRS in accordance with Rule 4(i)(2) and has failed to serve the United States in accordance with rules 4(i)(1) and 4(i)(2).

Service upon the United States, or, in this case, agencies and officers of the United States, of a summons and complaint in the manner provided by the Federal Rules of Civil Procedure is both mandatory and jurisdictional. See Moncrief v. Stone, 961 F.2d 595 (6th Cir. 1992) (dismissing suit for failure to serve United States Attorney). [1]

3.     Venue is improper in this district

The plaintiffs in this action are George H. Bishop and U.S. Exploration Corp. and related entities. [2] The plaintiff individual, a resident of the state of Texas, and the plaintiff corporation, whose principal place of business appears to be located in Texas, have not satisfied the predicates for the chosen venue in this district. See 28 U.S.C. §§ 1391(e), 1396. Venue is improper in this district.

4.     Plaintiffs' Complaint fails to satisfy the pleading requirements of Rule 8(a)

While complaints filed by *pro se* litigants are held to a less stringent standard than those prepared by legal counsel and should be liberally construed, see Haines v. Kerner, 404 U.S. 519, 520 (1972), all complaints must satisfy the minimal pleading

---

[1] The United States acknowledges that plaintiffs still have time to cure the failure to serve under Rules 4(j) and 4(i)(3). However, should they fail to serve within a reasonable time, their complaint would have to be dismissed for failure to properly serve the United States. Their complaint should be dismissed right now for failure to state a claim upon which relief can be granted, as discussed below.

[2] Plaintiff George H. Bishop is not a licensed attorney and, therefore, may not represent a corporation and related entities in litigation generally, or in this court in particular. Simply put, a corporate entity may not appear in litigation and be represented by a company officer and/or shareholder who is not a licensed attorney. See Rowland v. Cal. Men's Colony, 506 U.S. 194, 201-202 (1993). The District of Columbia Circuit has consistently applied this rule. See, e.g., Siegel et al v. William E. Bookhultz & Sons, Inc., et al., 419 F.2d 720, 721 (D.C. Cir. 1969).

requirements of the Federal Rules of Civil Procedure. See Jarrell v. Tisch, 656 F.Supp. 237, 239 (D.D.C. 1987) (a *pro se* litigant must comply with the Federal Rules of Civil procedure).

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," while Rule 8(c)(1) requires that each averment of a pleading be "simple, concise, and direct." A complaint must give the Court and the defendant fair notice of the claim being asserted and the grounds upon which it rests, sufficient to identify the legal issues presented and prepare an adequate defense. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957). Plaintiffs allege that the signature requirements of Internal Revenue Code section 6062 for corporate income tax returns were somehow improperly applied to the plaintiffs for some unspecified taxable years after 1983. The complaint fails to plead with specificity sufficient facts to maintain a cause of action and, therefore, should be dismissed for failure to state a claim upon which relief can be granted.

   5.  Plaintiffs' complaint is barred by the Declaratory Judgment Act

Finally, to the extent the plaintiffs' complaint seeks a declaratory judgment concerning the federal tax liabilities of the corporate entities, the complaint is barred by the Declaratory Judgment Act, 28 U.S.C. § 2201. Section 2201(a) states that a court, in a case within its jurisdiction, may declare the rights and other legal relations of any interested party seeking such declaration "except with respect to Federal taxes...." See

<u>Foodservice and Lodging Institute v. Regan</u>, 809 F.2d 842, 844 (D.C. Cir. 1987) (suit challenging enforcement of tax regulations dealing with tip income  barred by the Anti-Injunction Act and Declaratory Judgment Act).

CONCLUSION

Accordingly, for the reasons stated above, the Court should grant the Defendants' Motion To Dismiss.

DATE: December 7, 2006                                   Respectfully submitted,


 /s/ Michael J. Martineau
MICHAEL J.  MARTINEAU
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC 20044
Telephone: (202) 307-6483
Facsimile: (202) 514-6866
Email: Michael.J.Martineau@usdoj.gov

OF COUNSEL:
JEFFREY A. TAYLOR
United States Attorney